UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20232-CIV-COHN/WHITE
(02-20130-CR-COHN)

TROY CANNON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 17], submitted by United States Magistrate Judge Patrick A. White on October 16, 2007, regarding Movant Troy Cannon's Motion to Vacate Pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence entered in Case No. 02-20130-CR-COHN. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion, the Report and Recommendation, and Movant's Objections, and is otherwise fully advised in the premises. The Movant makes ten objections to the Report and Recommendation, each of which is addressed in turn below.

**Objection 1:**

Mr. Cannon first objects to Judge White's conclusion that a stay would not be appropriate in this matter. Mr. Cannon requested a stay of this proceeding in order to file a supplemental §2255 motion to raise additional claims. He argues that a stay is needed because he was housed for a period of time in Miami Dade County Jail without

access to federal case law.

It appears that what Mr. Cannon wishes for the Court to consider as timely are the claims set out as 10(a) and (b) in the Report and Recommendation. Judge White concluded in the Report & Recommendation that these claims were untimely and do not relate back to the date of the original timely filed motion. However, Judge White also conducted an analysis and concluded that these claims failed on the merits. Accordingly, the question of whether these claims should be considered timely filed is moot, because they cannot be sustained on the merits in any event. This objection is overruled.

**Objection 2:**

Mr. Cannon next objects to the recommendation as to claims one and two of his §2255 motion. In claim one, he asserted that the government violated his right to counsel by using an informant, his nephew and fellow inmate, to elicit information from him regarding his drug activities without his counsel present. In claim two, he asserted a claim for ineffective assistance of counsel based on his attorney's failure to request an inquiry into this alleged violation. After reviewing these claims, Judge White concluded that they were without merit. Mr. Cannon objects to this conclusion, presenting declarations of prisoners who overheard the informant stating he was acting as a government agent and fabricating evidence to convict Mr. Cannon.

However, upon review of these arguments, the Court concludes that the question of whether the informant was acting as a government agent is moot, because the informant never presented testimony to the jury regarding the nature or substance of any conversation that occurred between himself and Mr. Cannon while incarcerated.

(Report and Recommendation, p. 11 [DE 17].)  As Judge White explained, <u>Massiah v. United States</u> holds only that a "defendant's own incriminating statements, obtained by federal agents . . . could not constitutionally be used by the prosecution as evidence against *him* at his trial." 377 U.S. 201, 207 (1964) (emphasis in original).  Where, as here, none of Mr. Cannon's statements to the informant were introduced at his trial, no constitutional violation exists, regardless of whether or not the informant was acting as an "agent" of the government.  Furthermore, he can show no prejudice on his ineffective assistance of counsel claim where the statements were never introduced against him at trial.  Accordingly, Mr. Cannon's second objection is overruled.

**Objections 3 and 4:**

Mr. Cannon next objects to Judge White's conclusions regarding Special Agent Kevin O'Rourke's testimony.  Although Mr. Cannon's original motion contained two claims regarding Special Agent O'Rourke's testimony,[1] this objection appears to relate only to the argument regarding the alleged violation of his confrontation rights by the failure of the prosecution to divulge the identity of the confidential informant or produce the confidential informant as a witness.  In his objection, Mr. Cannon points to the

---

[1] In claim 3, Mr. Cannon asserted that he was denied effective assistance of counsel where his lawyer failed to object to Special Agent O'Rourke providing improper expert testimony. Alternatively, it appeared that Mr. Cannon was also arguing in claim 3 that counsel was ineffective for failing to object or move for a mistrial based on a violation of his right to confront witnesses, where Special Agent O'Rourke testified to the substance of the wiretaps. In claim 4, Mr. Cannon asserted that he was denied effective assistance of counsel where his lawyer failed to object to the in-court identification and introduction of testimonial statements by the confidential informant. In this claim, Mr. Cannon also alternatively argued that Special Agent O'Rourke's testimony violated his confrontation rights because the identity of the informant was not disclosed nor was the informant called as a witness.

inconsistencies between Special Agent O'Rourke's testimony and Ronald Ellington's testimony regarding a drug transaction that took place at a Burger King. It appears that Mr. Cannon is arguing that the opportunity to cross examine the confidential informant would have allowed him to explore these inconsistencies and potentially expose another, larger drug deal in which the confidential informant participated. However, even if this were true, it does not change the fundamental fact that there is no reasonable probability that, had the confidential informant been available to cross examine, the guilt portion of the trial would have resulted in an acquittal. The testimony regarding the Burger King deal was but one piece of already overwhelming evidence of the conspiracy in which Mr. Cannon was involved. Accordingly, this Court agrees with Judge White that Mr. Cannon fails to satisfy the prejudice prong of an ineffective assistance of counsel claim on these arguments, and Mr. Cannon's objection is overruled.

**Objection 5:**

Mr. Cannon next objects to Judge White's recommendation regarding the violation of the sequestration rule. The sequestration issue was raised in claim 5 of Mr. Cannon's motion. There he asserted that he was denied effective assistance of counsel where his lawyer failed to invoke the rule of sequestration, resulting in nonessential witnesses being present in the courtroom for a short time at the beginning of the trial, and to request inquiry into the violation of the sequestration rule. The witnesses that Mr. Cannon argues should have been excluded are Detective Frank Alphonso, of the Miami-Dade Police Department, and Investigator Howard Hartung, of the Richmond County Sheriff's Office. In his objection, Mr. Cannon argues generally

that the presence of these officers in the courtroom during opening statements and testimony caused "spoilover prejudice." However, as Judge White explained in the Report and Recommendation, there are three remedies available to a judge to respond to a violation of the sequestration rule, only the strongest of which involves striking or disallowing the testimony of a witness. Furthermore, this remedy is only available where the violation of the rule was intentional, and Mr. Cannon has provided no evidence to show any intentional violation of the sequestration rule. On the evidence before this Court, Mr. Cannon cannot show any prejudice caused by counsel's failure to object, and thus, he cannot prevail on this claim.

Mr. Cannon also objects to Judge White's conclusion that his argument regarding counsel's alleged failure to advise the Court that incarcerated witnesses were communicating with each other while still under oath lacked merit. However, Mr. Cannon provides no additional evidence, other than his own statement, that would support this claim. Mr. Cannon also fails to show how such a failure on the part of counsel would have prejudiced him. Accordingly, this objection is overruled.

**Objection 6:**

Mr. Cannon next objects to Judge White's recommendation regarding the admission of flight evidence and the jury instruction on flight. Mr. Cannon asserts that he informed his counsel that he had charges pending in the state of Florida for drug trafficking and driving with a suspended license prior to the federal charges, which he argues would refute the government's argument that his flight indicated knowledge of guilt as to the federal charges. According to Mr. Cannon, however, his counsel never presented this information to the judge or the jury. As Judge White explained in his

Report and Recommendation, Mr. Cannon has made no showing that the presentation of this evidence would have led the Court to exclude the flight evidence, or indeed that the exclusion of the flight evidence and instruction altogether would have changed the outcome of the trial. To make out a claim for ineffective assistance of counsel, a movant must show that prejudice resulted from his counsel's errors. Even if Mr. Cannon could show that his counsel was ineffective, he cannot show prejudice where, as here, the other evidence of his guilt was overwhelming. Accordingly, this objection is overruled.

**Objection 7:**

Mr. Cannon next objects to Judge White's recommendation regarding trial counsel's failure to object to a limiting instruction as to drug quantity and constructively amending the indictment. Mr. Cannon appears to point to a number of witnesses and pieces of evidence that he argues fell outside the dates set out in the indictment. However, as set out in the Report and Recommendation, the jury was presented with ample evidence that the drug conspiracy during the dates charged in the indictment involved amounts of cocaine well in excess of five kilograms. Accordingly, Mr. Cannon cannot show prejudice, and this objection is overruled.

**Objection 8:**

Mr. Cannon next objects to Judge White's recommendation regarding the missing witness instruction issue. In this objection, Mr. Cannon appears to argue that his counsel was ineffective because he did not subpoena certain witnesses, and Mr. Cannon attaches his own declaration stating that these witnesses "were willing to testify

to the contrary to Weeks; Ronald Ellington and Michael Griffin." Mr. Cannon's own self-serving statement that these witnesses would have testified in his favor is not enough to meet his burden in this proceeding, however. Without some further evidence to show that these witnesses would have testified in his favor, Mr. Cannon cannot show any prejudice that resulted from his counsel's strategic decision not to pursue the testimony of these witnesses. Furthermore, without a showing that the witnesses would have testified in his favor, Mr. Cannon cannot show that he was entitled to a missing witness instruction. Accordingly, this objection is overruled.

**Objection 9:**

Mr. Cannon next objects to Judge White's recommendation regarding the cumulative effect of his counsel's errors. This Court agrees with Judge White that the alleged errors, neither individually nor cumulatively, infused the proceedings with unfairness as to deny Mr. Cannon a fundamentally fair trial and due process of law. Accordingly, this objection is overruled.

**Objection 10(a) and (b):**

Finally, Mr. Cannon objects to Judge White's recommendation as to trial counsel's alleged failure to object to §851 information and challenge the unlawfulness of the wiretaps. In his Objections, Mr. Cannon argues that these claims were timely filed and were not considered in the Report and Recommendation. However, despite the fact that Judge White concluded that the claims were untimely, he did go on to consider the claims, and concluded that they could not be sustained on their merits. This Court agrees with and adopts the reasoning set out in the Report and

Recommendation and concludes that these claims are without merit, regardless of whether they were timely filed. Accordingly, this objection is overruled.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 14] is **ADOPTED**.

2. Movant Troy Cannon's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255 [DE 1] is **DENIED**.

3. Movant Troy Cannon's request for an extension of time, as articulated in Docket Entry 20, and Motion for Equitable Tolling [DE 19], requesting the same relief, are **DENIED as moot**, in light of this Court's consideration of the full Objections later submitted.

4. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of December, 2007.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Troy Cannon, *pro se*
Reg. No. 35707-019
F.C.C. Coleman
P.O. Box 1034
Coleman, FL  33521